**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

**TRIGINAL JACKSON,**

    **Petitioner,**

**v.**　　　　　　　　　　　　　　　　　　　　　　　　**No. 12-cv-0543 LH/SMV**

**N.M. DEP'T OF CORR. PROB. & PAROLE;**
**N.M. ATTORNEY GEN.;**

    **Respondents.**

**ORDER DENYING**
**FIRST AND SECOND MOTIONS FOR APPOINTMENT OF COUNSEL**

THIS MATTER is before the Court on Petitioner's two Motion[s] for Appointment of Counsel that is not in Conflict [Docs. 2, 6] ("First Motion" and "Second Motion," respectively), filed on May 10 and 29, 2012, respectively. The Court, being fully advised in the premises, FINDS that the motions are not well-taken and should be DENIED.

There is no constitutional right to counsel in habeas proceedings. *Coronado v. Ward*, 517 F.3d 1212, 1218 (10th Cir. 2008). Instead, whether to appoint of counsel is a matter left to the discretion of the court. *Swazo v. Wyo. Dep't of Corr.*, 23 F.3d 332, 333 (10th Cir. 1994). In so deciding, courts should consider "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims." *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (quoting *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991)). Ultimately, the burden is on the petitioner "to convince the court that there is sufficient merit to his claim to warrant appointment of counsel." *Hill*

*v. Smithkline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir 2004) (internal quotation marks omitted).

In the First Motion, Petitioner requests that counsel be appointed in order to assist him in "making the record proper and perfecting his appeal" in a state-court criminal matter, which apparently, is the state criminal matter underlying the habeas petition before this Court. [Doc. 2]. In the Second Motion, Petitioner appears to request the appointment of counsel to help him obtain records from the state court. [Doc. 6].

Neither of these reasons justifies appointment of counsel. Moreover, Petitioner is adequately presenting his claims. Finally, the Court is not persuaded that there is sufficient merit or complexity in the Petition to warrant appointment of counsel at this time.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Petitioner's [First] Motion for Appointment of Counsel that is not in Conflict [Doc. 2] is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's [Second] Motion for Appointment of Counsel that is not in Conflict [Doc. 6] is **DENIED**.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**UNITED STATES MAGISTRATE JUDGE**