IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

TRIGINAL D. JACKSON,

     Petitioner,

v.                                                                        No. 12-cv-0543 LH/SMV

N.M. DEP'T OF CORR. PAROLE & PROB.;
N.M. ATTORNEY GEN.;

     Respondents.

ORDER DENYING
THIRD MOTION FOR APPOINTMENT OF COUNSEL

THIS MATTER is before the Court on Petitioner's[1] [Third] Motion for Appiontment [sic] of Counsel that is not in Conflict [Doc. 13] ("Motion"), filed on June 6, 2012.  The Court, being fully advised in the premises, FINDS that the motion is not well-taken and should be DENIED.

The Court denied Petitioner's previous two motions for appointment of counsel because his reasons for requesting counsel did not justify appointment, because Petitioner was adequately presenting his claims, and because the Court was not persuaded that there was sufficient merit or complexity in the Petition to warrant appointment of counsel at that time.  Order Denying First and Second Motions for Appointment of Counsel [Doc. 11].

In the instant Motion, Petitioner offers the same reasons for requesting counsel as he did in his first two motions, although he adds some additional detail.  Motion [Doc. 13].  Essentially, Petitioner requests counsel for assistance with exhausting his state-court remedies.  *See id.* at 1

---

[1] Petitioner is appearing pro se and proceeding *in forma pauperis*.  *See* Petitioner [Doc.1] (pro se); Order Granting Leave to Proceed *in Forma Pauperis* [Doc. 9].

("The Court has acknowledged that there may still be State Remedies available to Petitioner."). He explains that the state-court record needs to be corrected in some way, and he needs an attorney to assist him with such correction. *Id.* at 1–2. He asserts that he needs an attorney to help him get his state-court appeal docketed, which he says the state court refuses to do because he is pro se. *Id.* at 2. He concludes that this Court should appoint counsel for him to assist him with these issues at the state-court level, presumably so that he can exhaust his state-court remedies. *See id.*

There is no constitutional right to counsel in habeas proceedings. *Coronado v. Ward*, 517 F.3d 1212, 1218 (10th Cir. 2008). Instead, whether to appoint of counsel is a matter left to the discretion of the court. *Swazo v. Wyo. Dep't of Corr.*, 23 F.3d 332, 333 (10th Cir. 1994). In so deciding, courts should consider "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims." *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (internal quotation marks omitted). Ultimately, the burden is on the petitioner "to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Hill v. Smithkline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir 2004) (internal quotation marks omitted). However, the court's discretion to appoint counsel is limited to representation before the United States district court and does not extend to appointment of counsel before other courts. *Compare* Rule 1(a) of the Rules Governing Section 2254 Cases in the United States District Courts ("These rules govern a petition for a writ of habeas corpus *filed in a United States district court* under 28 U.S.C. § 2254 . . . .") (emphasis added), *with* Rules 6, 8 of the Rules Governing Section 2254 Cases in the United States District Courts (providing for appointment of counsel in § 2254 cases in certain

circumstances), *and with* 18 U.S.C. § 3006A(a)(2)(B) ("Whenever the . . . court determines that the interests of justice so require, representation may be provided for any financially eligible person *who . . . is seeking relief under section* 2241, *2254*, or 2255 of title 28.") (emphases added).

Here, the Court is not convinced that it is authorized to appoint counsel to represent Petitioner in the New Mexico state courts.  However, even if it the Court had such authority, appointment would still not be appropriate for several reasons.  First, assistance for the purpose of exhaustion of state-court remedies does not justify appointment of counsel in this Court.  Second, Petitioner is adequately presenting his claims in this Court.  Finally, the Court is not persuaded that there is sufficient merit or complexity in the Petition to warrant appointment of counsel at this time.[2]

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Petitioner's [Third] Motion for Appiontment [sic] of Counsel that is not in Conflict [Doc. 13] is **DENIED**.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**

---

[2]  Finally, Petitioner asks for clarification about the Court's "own words."  Motion [Doc. 13] at 2. Although Petitioner does not identify the source of such words, it appears that he refers to the Order to Answer [Doc. 10].  In the Order to Answer, at page 1, the Court ordered Respondents to

> attach to their answer a copy of any pleading pertinent to the issue of exhaustion that was filed by Petitioner in the sentencing court, the state district court, the state court of appeals, and the state supreme court, together with copies of all memoranda filed by both parties in support of or in response to those pleadings.

In the instant Motion, Petitioner asks, "[d]oes this include No. CIV-11-294[ ]JAP/KBM exhaustion?"  Motion [Doc. 13] at 2.  The Court has ordered Respondents to produce copies of filings submitted in the state courts that relate to the issue of exhaustion of state-court remedies.  "Exhaustion" of federal cases, including 11-cv-0294 JAP/KBM, is not relevant and not "included" in the Order to Answer.