IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**TRIGINAL D. JACKSON,**

    Petitioner,

v.                                        No. 12-cv-0543 LH/SMV

**N.M. ATT'Y GEN. and**
**N.M. DEP'T OF CORR. PROB. & PAROLE,**

    Respondents.

## MAGISTRATE JUDGE'S
## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER is before the Court on Mr. Jackson's 28 U.S.C. § 2254 Petition [Doc. 1], filed on May 10, 2012, and on Respondents' Motion to Dismiss Without Prejudice . . . [Doc. 22], filed on August 6, 2012.[1]  Petitioner responded to the Motion to Dismiss on the same day. [Doc. 24].  I find that Petitioner's claims were exhausted after the filing of the Motion to Dismiss.  Therefore, I recommend denying Respondents' Motion to Dismiss [Doc. 22] without prejudice.

This is a habeas corpus action filed pursuant to 28 U.S.C. § 2254.  At the time that Respondents filed the instant Motion to Dismiss, Petitioner's state-court remedies had not been exhausted.  However, Petitioner has since exhausted his state-court remedies.  Therefore, I will recommend that the Motion to Dismiss be denied without prejudice.  If my recommendation is adopted by the Court, I will order production of the state-court records and briefing on Petitioner's substantive claims.

---

[1] The case was referred to me by the Honorable C. LeRoy Hansen, Senior United States District Judge, on August 21, 2012, for analysis and recommendation of ultimate disposition.  Order of Reference . . . [Doc. 26].

**Background**

The procedural background of this case is complicated because it does not follow the customary sequence. For example, Petitioner filed his first federal habeas petition before he filed a direct appeal in state court, indeed, before he was even sentenced or final judgment was entered. *Compare Jackson v. New Mexico*, 11-cv-0294 JAP/KBM [Doc. 1] (first federal habeas filed on April 7, 2011), *with* [Doc. 21-1] at 1 (sentencing on May 27, 2011), *and* [Doc. 21-1] at 1 (final judgment on June 13, 2011). Petitioner finally initiated a direct appeal, but it was dismissed as untimely. [Doc. 21-2] at 33–36; [Doc. 21-2] at 56–60. Petitioner has doggedly fought the dismissal of his direct appeal in an effort to exhaust his state-court remedies. Petitioner's numerous and varied challenges to the dismissal of his direct appeal often overshadow his substantive habeas claims and muddle the posture of the case. Nevertheless, I will attempt a succinct description of the background of the case.

Petitioner was indicted for aggravated assault on August 12, 2009. Grand Jury Indictment [Doc. 21-1] at 11. Prior to trial, on April 29, 2010, the trial court granted Petitioner's request to represent himself. [Doc. 21-1] at 20–21. The court "determined that Mr. Jackson prefer[ed] to proceed pro se and he made a voluntary, knowing, and intelligent waiver of his right to counsel." *Id.* According to Petitioner, the trial court appointed his former attorney, Cyndi Sanchez, as stand-by counsel. [Doc. 1] at 16. Petitioner, however, believed that his waiver of his right to counsel "should have been the end of the need for Ms. Sanchez to appear in any proceeding." [Doc. 1] at 16.

Also prior to trial, the court granted two motions to continue filed by the state. First, the court granted an extension until June 4, 2010, and second, until September 4, 2010. [Doc. 21-1]

at 15, 22.  Eventually, on December 6, 2010, Petitioner was convicted by a jury of aggravated assault with a deadly weapon.  [Doc. 21-1] at 1.  However, before he was sentenced, Petitioner filed his first federal petition for a writ of habeas corpus in this Court on April 7, 2011.  *Jackson v. New Mexico*, 11-cv-0294 JAP/KBM [Doc. 1].  The action was dismissed on June 23, 2011, as premature because Petitioner had not pursued his state-court remedies.  *Jackson*, 11-cv-0294 JAP/KBM, [Doc. 25].

Petitioner was sentenced on May 27, 2011.  [Doc. 21-1] at 1.  The judgment was entered on June 13, 2011.  [Doc. 21-1] at 1; [Doc. 21-2] at 33.  Petitioner unsuccessfully attempted to appeal his conviction several times.  Ultimately, the state Court of Appeals held that Petitioner's notices of appeal were improperly filed, and the court dismissed the direct appeal on November 3, 2011.  [Doc. 21-2] at 35.

Petitioner moved the Court of Appeals to reconsider on January 13, 2012, [Doc. 21-2] at 61–66, but the motion was denied on February 2, 2012 [Doc. 21-3] at 1.  Petitioner filed a petition for writ of certiorari on February 17, 2012, [Doc. 21-3] at 6–16, but it, too, was denied [Doc. 21-3] at 27.

On May 7, 2012, Petitioner filed a "Petition for Writ of Habeas Corpus Third Attempt" in state court.  [Doc. 21-3] at 29–40.  He asserted various claims, including the three that he asserts here.  [Doc. 21-3] at 31–34.  Specifically, Petitioner asserted that his stand-by counsel "tr[ied] to take over the case."  [Doc. 21-3] at 31.  Further, Petitioner claimed that "Since, [sic] NMPD Ms. Sanchez never remover [sic] herself from [Petitioner's] case[,] it would be reasonable that she has a duty to file notice [sic] of appeal or at least ensure that [Petitioner's] notice is filed."  [Doc. 21-3] at 32.  Lastly, Petitioner alleged that his right to a speedy trial was violated.

[Doc. 21-3] at 33–34. The state habeas petition was summarily denied on the same day. [Doc. 21-3 at 41.

Three days later, on May 10, 2012, Petitioner filed his habeas petition in this Court. [Doc. 1]. While his habeas petition was pending in this Court, Petitioner attempted to appeal the denial of his state habeas petition. [Doc. 21-3] at 49. It is unclear what became of this attempt. However, Petitioner subsequently filed two other state habeas petitions, both on August 6, 2012. [Doc. 43-1] at 1–4, 7–9. Both petitions were summarily dismissed on August 6, 2012, because "as a matter of law," Petitioner was not entitled to relief. [Doc. 43-1] at 5, 12.

Petitioner filed a petition for a writ of certiorari on August 23, 2012. [Doc. 43-1] at 14−34. He raised claims for *inter alia* his stand-by counsel's allegedly "try[ing] to take over the case [by participating in] sidebars . . . without Petitioner [and] managing the case without Petitioner'[s] permission." [Doc. 43-1] at 21–22. Petitioner further asserted that his stand-by counsel was ineffective because she did not appeal his conviction. [Doc. 43-1] at 22. Lastly, he claimed that his speedy trial right was violated. [Doc. 43-1] at 22–23. On November 14, 2012, the state attorney general responded in opposition [Doc. 43-2] at 1–9. The New Mexico Supreme Court summarily denied certiorari on December 5, 2012. [Doc. 43-2] at 36.

## Analysis

Petitioner asserts five grounds for federal habeas relief, but only three are actual habeas claims. The other two are arguments regarding exhaustion. Grounds one and four argue that Petitioner's direct appeal should have been accepted as properly filed. *See* [Doc. 1] at 15–16 ("How can a man exhaust his remedies when most of his attempted filing [sic] doesn't [sic] even appear on record?"). However, because I find that the substantive claims raised in the current

petition were exhausted by Petitioner's state habeas claims, his arguments regarding the record below—in claims one and four—are moot.

Grounds two and three are stylized as claims for ineffective assistance of counsel. Apparently, Petitioner claims that his stand-by counsel's presence and actions unconstitutionally eroded his right to self-representation. He also claims that his stand-by counsel had a "conflict" and was ineffective for failing to appeal on his behalf. Finally, in ground five, Petitioner asserts that his speedy trial right was violated.

## Exhaustion

A petitioner under 28 U.S.C. § 2254 must exhaust all available avenues of state-court remedies before a federal court may grant relief. 28 U.S.C. § 2254(b)(1)(A) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears the applicant has exhausted the remedies available in the courts of the State . . . ."). A claim is exhausted where the state courts are given "the opportunity to pass upon and correct alleged violations of [their] prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (per curiam) (internal quotation marks omitted); *see also Byrd v. Workman*, 645 F.3d 1159, 1164 n.7 (10th Cir. 2011) (noting that a state's highest court must be presented with a claim before exhaustion occurs), *cert. denied*, 132 S. Ct. 763 (2011).

Here, Respondents moved to dismiss on August 6, 2012, based on Petitioner's failure to exhaust his state-court remedies. [Doc. 22] at 1. At the time of the filing of the motion, Respondents were correct. On August 6, 2012, Petitioner's claims had not yet been exhausted. Since then, however, Petitioner has exhausted his state-court remedies. *See* [Docs. 43, 43-1, 43-2] (evidencing exhaustion of Petitioner's state habeas claims). On August 23, 2012,

Petitioner filed a petition for certiorari on the relevant habeas claims. [Doc. 43-1] at 14–34. It was denied on December 5, 2012. [Doc. 43-2] at 36. Therefore, it appears that Petitioner's claims were exhausted on December 5, 2012. If the Court adopts my recommendation to deny the motion to dismiss without prejudice, I will order production of the state-court records and briefing on Petitioner's substantive claims. At that time, Respondent's may re-raise exhaustion, if they deem it appropriate.

**IT IS THEREFORE RESPECTFULLY RECOMMENDED** that Respondents' Motion to Dismiss [Doc. 22] should be **DENIED without prejudice**.

---

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN FOURTEEN DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any written objections with the Clerk of the District Court within the 14-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

---

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**