IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**TRIGINAL D. JACKSON,**

    Petitioner,

v.    No. 12-cv-0543 LH/SMV

**N.M. ATT'Y GEN. and**
**N.M. DEP'T OF CORR. PROB. & PAROLE,**

    Respondents.

## ORDER ADOPTING MAGISTRATE JUDGE'S
## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER is before the Court on the Magistrate Judge's Proposed Findings and Recommended Disposition [Doc. 63] ("PF&RD"), issued on June 28, 2013. The Court referred Petitioner's 28 U.S.C. § 2254 Petition [Doc. 1] to the Honorable Stephan M. Vidmar, United States Magistrate Judge, for analysis and a recommended disposition. [Doc. 26]. Judge Vidmar recommended that the Petition be denied and the case dismissed with prejudice. [Doc. 63]. Petitioner objected to the PF&RD on July 5, 2013.[1]  [Doc. 64]. On de novo review of the objections, and being fully advised in the premises, the Court will OVERRULE the Objections [Doc. 64], ADOPT the PF&RD [Doc. 63], DENY the Petition [Doc. 1], and DISMISS the action with prejudice.

---

[1] Petitioner erroneously listed the case number on his Objections as 12-cv-1212 LH/GBW, which corresponds to a civil rights action that he is simultaneously pursuing. Despite Petitioner's error, the Objections have been properly filed this case.

**Background**

Petitioner was indicted for aggravated assault on August 12, 2009. Grand Jury Indictment [Doc. 21-1] at 11. Prior to trial, on May 6, 2010, the trial court granted Petitioner's request to represent himself. [Doc. 21-1] at 20–21. The court "determined that Mr. Jackson prefer[ed] to proceed pro se and he made a voluntary, knowing, and intelligent waiver of his right to counsel." *Id.* The trial court appointed Petitioner's former public defender, Cyndi Sanchez, as standby counsel. [Doc. 1] at 16. Petitioner, however, believed that his waiver of his right to counsel "should have been the end of the need for Ms. Sanchez to appear in any proceeding." [Doc. 1] at 16.

Prior to trial, the court granted two motions to continue filed by the state. First, the court granted an extension until June 4, 2010, and second, until September 4, 2010. [Doc. 21-1] at 15, 22. However, it does not appear that any notice of trial setting was issued until October 25, 2010. Record Proper at 51. At that time, the trial was set to begin on December 6, 2010, and in fact, it did commence on that day. Transcript of Dec. 6, 2010 Proceedings. Petitioner was convicted by a jury of aggravated assault with a deadly weapon on December 8, 2010. [Doc. 21-1] at 1.[2] Petitioner was sentenced on May 27, 2011. [Doc. 21-1] at 1. The judgment was entered on June 13, 2011. [Doc. 21-1] at 1; [Doc. 21-2] at 33.

Petitioner filed the instant habeas petition in this Court on May 10, 2012. [Doc. 1]. He asserts several grounds for federal habeas relief, only four of which are actual habeas claims. First, he argues that he was effectively denied his right to self-representation by the presence of

---

[2] The judgment indicates that Petitioner was convicted on December 6, 2010, but this appears to be an error because, according to the trial transcripts, the jury did not return its guilty verdict until December 8, 2010. Transcript of Dec. 8, 2010 Proceedings at 2.

his standby counsel. [Doc. 1] at 16, 17. Second, he claims that his standby counsel was constitutionally ineffective for failing to appeal his conviction. *Id.* Third, he complains that his standby counsel had a conflict of interest. *Id.* Finally, he contends that his right to a speedy trial was violated. *Id.* at 18.

In the PF&RD, Judge Vidmar found that Petitioner's right to self-representation was not impermissibly eroded because Petitioner represented himself at trial in his own way, and he maintained control over the case that he presented. [Doc. 63] at 9–12. Although standby counsel was appointed over Petitioner's objections, Judge Vidmar found that her presence did not destroy the jury's perception that Petitioner represented himself. *Id.* Similarly, Judge Vidmar found that Petitioner's claims for ineffective assistance of counsel—for failing to appeal and for a conflict of interest—were meritless. *Id.* at 12–14. He also found that Petitioner himself was responsible for some of the delay in bringing him to trial, and because he had not shown any prejudice resulting from the delay, it did not rise to the level of a constitutional violation. *Id.* at 14–17. Judge Vidmar concluded that Petitioner failed to show that his state-court conviction resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, or resulted in a decision that was based on an unreasonable determination of the facts. *See* [Doc. 63] (citing § 2254). Accordingly, he recommended that the Petition be denied and the case dismissed with prejudice. [Doc. 63].

## STANDARD FOR § 2254 HABEAS PETITIONS

The provisions of 28 U.S.C. § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996, 110 Stat. 1214 ("AEDPA"), govern this case.[3] A petition for habeas corpus under 28 U.S.C. § 2254 attacks the constitutionality of a state prisoner's conviction and continued detention. The Court cannot grant habeas relief pursuant to § 2254(d) unless the decision in a petitioner's state-court proceeding:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The standard is "highly deferential" to state courts, and the Supreme Court has added that it is "difficult to meet," as it demands that state-court decisions be given the benefit of the doubt. *Pinholster*, 131 S. Ct. at 1398 (citing *Harrington v. Richter*, 131 S. Ct. 770, 786 (2011); *see also Black v. Workman*, 682 F.3d 880, 891 (10th Cir. 2012) ("Under [AEDPA] a federal court in a § 2254 proceeding must be exquisitely deferential to the state court's resolution of the [petitioner's] claims.").

## STANDARD OF REVIEW FOR OBJECTIONS TO MAGISTRATE JUDGE'S RECOMMENDATIONS

A district judge must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which is objection is made." 28 U.S.C. § 636(b)(1). "[O]bjections to the magistrate judge's report must be both timely and specific to

---

[3] Because this Petition was filed after the effective date of the AEDPA, its standards apply to guide this Court's determinations. *See, e.g., Abdul-Kabir v. Quarterman*, 550 U.S. 233, 246 (2007).

preserve an issue for de novo review by the district court[.]" *United States v. One Parcel of Real Property*, 73 F.3d 1057, 1060 (10th Cir. 1996).

## **Objection to Record Proper**

Petitioner objects to the Record Proper because a transcript from October 25, 2010, is allegedly missing. [Doc. 57] at 1. Petitioner explains that his trial was set to begin that day but had to be continued because the prosecutor did not appear. *Id.* He asks that the transcript be added to the record. *Id.*

Petitioner waived this argument when he failed to make it before Judge Vidmar. *See, e.g., United States v. Garfinkle*, 261 F.3d 1030, 1031 (10th Cir. 2001) ("[T]heories raised for the first time in objections to [a PF&RD] are deemed waived."). More importantly, however, Petitioner fails to explain how the allegedly missing transcript bears on the PF&RD. Thus, the objection is OVERRULED.

## **Objection Related to Actual Innocence**

Petitioner cites case law regarding actual innocence, but it is not clear whether he claims actual innocence. [Doc. 57] at 1. To the extent that he so claims, the matter is waived because Petitioner did not raise it before Judge Vidmar. *See, e.g., Garfinkle*, 261 F.3d at 1031. Additionally, it is not clear whether a free-standing claim of actual innocence is even cognizable under § 2254. *Dist. Attorney's Office for 3d Judicial Dist. v. Osborne*, 557 U.S. 52, 71–72 (2009). Considering that Petitioner did not raise the claim before Judge Vidmar and that he does not clearly raise it now—much less develop it—the Court will OVERRULE the objection.

**Objections Related to the Right to Self-Representation**

Petitioner objects to the PF&RD and argues that Ms. Sanchez's actions constituted legal representation for the following reasons:

1. The trial court communicated with Ms. Sanchez, and not with Petitioner, regarding jury instructions.

2. The trial court said that Ms. Sanchez's purpose was to talk with the prosecutor and to assist with case management.

3. Petitioner repeatedly objected to Ms. Sanchez's presence.

4. Ms. Sanchez should not have "been at [his] side" after he objected.

5. Ms. Sanchez found witnesses and spoke with the trial court about jury instructions.

6. Ms. Sanchez made legal arguments even though Petitioner attempted to have her removed.

[Doc. 57] at 1–2.

"The Constitution does not force a lawyer upon a defendant." *Adams v. United States ex rel. McCann*, 317 U.S. 269, 279 (1942). A criminal defendant has a constitutional right to conduct his own defense. *Faretta v. California*, 422 US. 806, 819 (1975).

> To force a lawyer on a defendant can only lead him to believe that the law contrives against him. . . . The defendant, and not his lawyer or the State, will bear the personal consequences of a conviction. It is the defendant, therefore, who must be free personally to decide whether in his particular case counsel is to his advantage. And although he may conduct his own defense ultimately to his own detriment, his choice must be honored out of that respect for the individual which is the lifeblood of the law.

*Id.* at 834 (internal quotation marks omitted). Nevertheless:

> A defendant's Sixth Amendment rights are not violated when a trial judge appoints standby counsel—even over the defendant's objection—to relieve the judge of the need to explain and enforce basic rules of courtroom protocol or to assist the defendant in overcoming routine obstacles that stand in the way of the

> defendant's achievement of his own clearly indicated goals. Participation by counsel to steer a defendant through the basic procedures of trial is permissible even in the unlikely event that it somewhat undermines the pro se defendant's appearance of control over his own defense.

*McKaskle v. Wiggins*, 465 U.S. 168, 184 (1984). "Ultimately, a defendant is entitled to "a fair chance to present his case his own way." *Id.* at 177. To determine whether a defendant's right to self-representation has been violated, courts must determine whether the defendant had "actual control over the case he [chose] to present to the jury, [and whether] participation by standby counsel [destroyed] the jury's perception that the defendant [was] representing himself." *Id.* at 178. The right to maintain actual control of self-representation is eroded when standby counsel "make[s] or substantially interfere[s] with any significant tactical decisions, controls the questioning of witnesses, or "speak[s] *instead* of the defendant on any matter of importance." *Id.* (emphasis in original).

Petitioner's allegation that the trial court spoke with Ms. Sanchez instead of him regarding jury instructions is not supported by the trial transcripts. The record confirms that Ms. Sanchez drafted some proposed jury instructions "based on [Petitioner's] representation to [her] of what he would be presenting [at trial]." Trial Transcript, December 7, 2013, at 83:16−19. Moreover, Petitioner expressly approved the instructions. *Id.* at 89:15–20 (approving of the self-defense instruction); *id.* at 100:16–102:14 (arguing in support of an entrapment instruction). The record reflects that the trial court did not always immediately recognize Petitioner's attempts to speak. For example, at one point, Ms. Sanchez, the judge, and the prosecutor engaged in a brief but fast-paced exchange (out of the presence of the jury) regarding which packets of proposed jury instructions were which. *Id.* at 92:4–95:9. During this

very brief exchange, the trial judge did not immediately recognize Petitioner's attempts to interject. Later, the judge explained that since Petitioner had not drafted any of the proposed instructions himself, the judge assumed that he would not have been of any assistance in determining which packet was which. *Id.*

On de novo review, the Court rejects Petitioner's factual allegation that the trial judge "communicat[ed] with Ms. Sanchez and not [Pettiioner] as to [j]ury instructions." [Doc. 57] at 1. Also on de novo review, the Court finds that Petitioner's other grounds are meritless. Ms. Sanchez's presence—even over Petitioner's repeated objections—does not violate the constitution.  The Court agrees with Judge Vidmar:  the question is not close.  Petitioner's right to self-representation was not eroded by Ms. Sanchez's presence or actions.  Thus, the objections are OVERRULED.

## Objections Related to Standby Counsel

Petitioner makes other objections related to Ms. Sanchez's participation in his trial.  He complains that:

1. Ms. Sanchez was not appointed as standby counsel until December 6, 2010, the first day of the trial.
2. "At no time was Petitioner informer [sic] of Ms. Sanchez as his standby counsel."
3. The attorney-client privilege was violated when Ms. Sanchez talked to others about the case.
4. Petitioner never waived his conflict with Ms. Sanchez.

[Doc. 57] at 2.

The Court finds that these objections are meritless.  On de novo review, the Court finds that the timing of Ms. Sanchez's appointment as standby counsel and the timing of Petitioner's

discovery of the appointment are irrelevant to whether Petitioner presented the case to the jury in his own way. *See McKaskle*, 465 U.S. at 177 (holding that a defendant is entitled to "a fair chance to present his case his own way."). Petitioner did, in fact, present his case in his own way to the jury.

Additionally, Petitioner did not raise any claim regarding the attorney-client privilege to Judge Vidmar, so it is waived. *See, e.g., Garfinkle*, 261 F.3d at 1031. Even if the objection were not waived, it would still fail because it does not appear to be cognizable under § 2254. Furthermore, Petitioner does not identify what conflict he had with Ms. Sanchez or how Judge Vidmar erred in rejecting the claim. These objections regarding standby counsel are OVERRULED.

## Objection Related to the Direct Appeal

Petitioner repeats his claim that Ms. Sanchez was duty-bound to ensure that his direct appeal was properly filed because "she was on the inter-court route for all documents filed with the court." [Doc 57] at 2–3. On de novo review, the Court finds that this objection is without merit for several reasons. First, Petitioner does not allege that he *asked* Ms. Sanchez to file an appeal. *See id.* Rather, he alleges that she should have *deduced* that he wanted her to file an appeal when she received a copy of his pro se appeal. *See id.* The argument is not persuasive. At no other time during his self-representation did Petitioner want Ms. Sanchez to exercise her discretion on his behalf. It is not reasonable to expect that she would have understood that he wanted her to file an appeal under the circumstances he describes. More to the point, however, it is quite clear that Petitioner maintained control of his own defense. Ms. Sanchez did not represent him. Thus, he cannot establish that Ms. Sanchez was ineffective in failing to file an

appeal on his behalf. *See Lee v. Hines*, No. 04-6130, 125 F. App'x 215, 217 (10th Cir. Oct. 4, 2004) (unpublished) ("A defendant who chooses to represent himself and has the assistance of court appointed standby counsel cannot succeed in establishing ineffective assistance against such counsel when it is clear that the defendant maintained control of his defense."). The objection is OVERRULED.

### Objections Related to the Speedy Trial Claim

Next, Petitioner raises several challenges to Judge Vidmar's findings on the speedy trial issue. Petitioner argues that "the Court error when it stated that Mr. Jackson difficulty with filing with 2nd Judicial Clerk's was not exhausted." [Doc. 64] at 3 (errors in original). However, this matter is not in dispute; this Court has already held that the speedy trial claim *is* exhausted. [Docs. 51, 55]. The Objection, therefore, is OVERRULED as moot.

Petitioner also confirms that his claim arises from the "Six month state rule." *Id.* As Judge Vidmar pointed out, errors of state law are not cognizable in federal habeas actions. § 2254(a); *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."). The speedy trial claim based on the "six month state rule" is meritless. The objection, therefore, is OVERRULED.

With respect Judge Vidmar's alternative findings on a speedy trial claim based on the Sixth Amendment, Petitioner alleges that he was prejudiced by the delay in bringing him to trial because "[d]amage cause loss of witness, loss of video evidence, loss of defense witnesses memories. Petitioner was hindered from employment, cause stain of personal relationship." [Doc. 57] at 3 (errors in original). Petitioner never before alleged that the delay deprived him of

the use of any evidence. So, it is waived. *See, e.g., Garfinkle*, 261 F.3d at 1031. Furthermore, he fails to explain which witnesses were lost, whose memories were diminished, or how the delay caused the loss of "video evidence." Finally, Petitioner does not explain how he was "hindered from employment" during the delay, considering that he was not in custody. Nor does he explain how such hindrance or the "stain" on his personal relationships constitute "any special harm [that] distinguishes his case from that of any other [defendant] awaiting trial." *United States v. Dirden*, 38 F.3d 1131, 1138 (10th Cir. 1994); *see also Tebbets v. Allenbrand*, No. 92-3329, 1993 U.S. App. LEXIS 3596 at *8−9 (10th Cir. Feb. 22, 1993) (unpublished) (no prejudice where defendant was not in custody while he waited 18 months for trial, where the delay did not deprive him of the use of any evidence, and where the delay attributable to the government was not purposeful or oppressive). On de novo review, the Court finds that Petitioner was not prejudiced by the delay and that on weighing the factors set forth in *Barker v. Wingo*, 407 U.S. 514, 531 (1972)), the delay in bringing Petitioner to trial did not violate his constitutional right to a speedy trial. This objection is OVERRULED.

Petitioner also argues that the:

> Court has over ruled it last opinion when it denied Petitioner's request for an alternative writ. The Court ground for denying that writ is the very same reason required for Speedy Trial Right's. This Court applied these issues to deny that writ and approve the writ of Habeas Corpus and now states that Petitioner issue doe not meet his Speedy Trial Right.

*Id.* (errors in original). Petitioner confuses Judge Vidmar's ruling on the his request for the writ of *coram nobis*, [Doc. 52] at 2, with the finding that Petitioner was not prejudiced by the delay in bringing him to trial, [Doc. 63] at 16–17.

On March 14, 2013, Judge Vidmar denied Petitioner's motion to amend his petition to request the writ of error *coram nobis* rather than the writ of habeas corpus [Docs. 42, 46] because the writ of habeas corpus was still available even though Petitioner had completed his sentence. [Doc. 52] at 2. Judge Vidmar found that habeas relief was still possible because Petitioner alleged collateral consequences of the challenged conviction. *Id.*

> This false conviction will prevent employment, housing, impedes on my efforts of obtaining a lawyer degree [sic], prevents ABA admission, causes my blood to be entered in to [sic] a DNA-Data base [sic] . . . . This convict [sic] does cause undue hardship and adverse hardship. Housing is an issue due to Petitioner's conviction he cannot live in housing of his choice, be hired by many companies, vote, there are unforeseen problems that will be encounter, harsher sentences due to conviction . . . .

*Id.* (quoting [Doc. 46] at 3, 5).

This ruling is not related to the Judge Vidmar's finding that:

> Petitioner fails to demonstrate that he was prejudiced by the delay. He was not in custody prior to the trial. He does not allege that the delay deprived him of the use of any evidence or the ability to call any witness. He has not alleged any special harm suffered [that] distinguishes his case from that of any other [defendant] awaiting trial. Because Petitioner has not shown any prejudice resulting from the delay, this factor weighs in favor of the government.

[Doc. 63] at 16–17 (internal quotation marks and citations omitted). Because Judge Vidmar's findings do not conflict, the objection is OVERRULED.

### **Objections Related to State-Court Ruling on Speedy Trial Claim**

Petitioner further argues that he should not have to choose between his right to self-representation and his right to a speedy trial. [Doc. 57] at 3. Apparently, he is referring to the trial court's express finding that seven months of the delay in bringing him to trial—between May 6, 2010, when he was granted leave to represent himself, and December 6, 2010, when trial

commenced—was attributable to him. *See* Transcript of Dec. 6, 2010 Proceedings at 122. This objection is OVERRULED because Petitioner did not have to choose between the two. He did presented his case to the jury in his own way, and the delay in his trial did not violate his constitutional rights, as explained *infra*.

Petitioner also seems to object to Judge Vidmar's reliance on such finding.

> Lower Court decision is against U.S. Supreme Court rulings. [Respondent] made request with NM Supreme Court to allow Federal Court to make the decision. The NM Supreme Court enter no reasoning into the record for any court to determine if the NM Supreme Court base it findings off of law and find or since the case was already in Federal Court left it up to the Federal Court for decision.

[Doc. 57] at 3 (errors in original). This Court is bound by § 2254 to defer to the state court ruling—even if it was summarily affirmed by the New Mexico Supreme Court—unless it violated federal law or unreasonably determined the facts based on the evidence. *See Aycox v. Lytle*, 196 F.3d 1174, 1177 (10th Cir. 1999) (applying AEDPA deference in the face of a summary decision where "[t]here [wa]s no evidence . . . that the state court did not consider and reach the merits" of the petitioner's claim"). The trial court's ruling did not violate federal law and did not unreasonably determine the facts based on the evidence. Therefore, this Court must defer to it. The objection is OVERRULED.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that the objections contained in Petitioner's Pro-se Response in OBJECTION to Court's Position on Habeas Corpus Petition [Doc. 64] are **OVERRULED**.

**IT IS FURTHER ORDERED** that the Magistrate Judge's Proposed Findings and Recommended Disposition [Doc. 63] are **ADOPTED**.

**IT IS FURTHER ORDERED** that Petitioner's 28 U.S.C. § 2254 Petition [Doc. 1] is **DENIED**, and this case is **DISMISSED with prejudice**.

**IT IS SO ORDERED.**

_____
**SENIOR UNITED STATES DISTRICT JUDGE**